See Dunham v. Baird [Case No. 4,147].

## Case No. 6,827.

HUDGINS v. LANE et al.

[2 Hughes, 361;[1] 11 N. B. R. 462.]

District Court, E. D. North Carolina. 1874.

DISCHARGE IN BANKRUPTCY—PARTNERS—DISSOLUTION OF FIRM—ASSIGNEE.

1. The discharge of a member of a firm, upon his individual petition in bankruptcy, and without any proceedings by or against the firm, does not discharge such member from the firm or partnership debts.

  [Cited in Re Jewett, Case No. 7,306; Re Webb. Id. 17,317; Re Brick, 4 Fed. 806; Re Johnston, 17 Fed. 72.]

  [Cited in Corey v. Perry, 67 Me. 144; Poillon v. Lawrence, 77 N. Y. 218.]

2. The dissolution of a firm by agreement between the members thereof will not affect the rights of its creditors, though the terms of such dissolution will frequently be enforced by the courts, as between the parties to such agreement.

  [Cited in Wilkins v. Davis, Case No. 17,664; Crompton v. Conkling, Id. 3,407.]

3. An assignee appointed upon the adjudication of an individual member of a firm upon his own petition alone, whether the firm be existing or dissolved, acquires no title to the property of the firm.

4. In re Little [Case No. 8,390], and In re Noonan [Id. 10,292], cited and approved. The Cases of Frear [Id. 5,074]. and Grady [Id. 5,654]. examined and commented on.

[This was a suit by W. R. Hudgins against Henry J. Lane and Richard Smithson, trading as Lane & Smithson.]

J. P. Whedbee, for creditor.
C. C. & W. F. Pool, for Lane.

BROOKS, District Judge. This was a civil action tried before a justice of the peace for Pasquotank county, on the 28th of September, 1874. The justice rendered judgment against the defendant for the sum of $105.30, the said sum to bear interest from the 4th day of June, 1868, until paid, and for costs, from which judgment the defendant, Henry J. Lane, appealed to the superior court for Pasquotank. The Honorable Jonathan W. Albertson, judge of the said court, having been of counsel in the cause, declined to hear the appeal, when by agreement of the parties the case was referred to me, to be decided upon the following case agreed.

In the early part of the year 1868 the defendants, Lane and Richard Smithson, who were then trading as copartners, contracted

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

the debts for which the judgment was rendered, by the purchase of merchandise from the plaintiff. By agreement between Lane and Smithson, some time in the years 1869 or 1870, the partnership between them was dissolved, and they ceased to carry on the business. No notice of the dissolution was published, and it was made without consultation with or agreement of their creditors.

On the 20th day of February, 1871, the defendant, Lane, filed his individual petition in bankruptcy, and on the 18th day of October of the same year received his discharge in due form. There was no proceeding by or against the firm of Lane & Smithson or by either partner against the other, nor was the firm adjudicated bankrupt. The defendant Lane pleads his discharge in defence in this action. The plaintiff in this action filed proof of the claim for which judgment is demanded, in due form, in the bankruptcy proceedings had at the instance of the defendant Lane.

The question presented for decision is, does the discharge pleaded by Lane and granted upon his individual petition, and to which the firm of Lane & Smithson were in no way parties, discharge Lane from his liability to the plaintiff? If this question was now for the first time presented for decision, I would find less embarrassment than I now feel. There is, I think, not so much difficulty in this case for the want of authority, but on account of the conflict in the opinion of the judges who have considered it.

In examining the cases decided, I find that as early as February, 1868, this question was considered by Judge Blatchford. In re Little [Case No. 8,390]. Though the question in that case was as to the propriety of an amendment which had been asked for by the petitioner, and refused by the register, yet the amendment desired was of such a character as necessarily presented for consideration the very question now to be determined. Little had been a partner in trade with one Dana, and had commenced voluntary proceedings in bankruptcy in his own name alone. In the schedules filed both debts and assets of the firm of Little & Dana were mentioned, and the petitioner prayed to be discharged from all his debts; and fearing a discharge in such a proceeding would not be effectual in discharging him from the debts due from Little & Dana, even after he had himself been adjudicated a bankrupt, asked that his proceedings be so amended as that Dana might be made a party, and cited to show cause why the firm of Little & Dana should not be declared bankrupt. It was proper then to inquire—First, what was the purpose of the amendment asked for? The answer must be that the petitioner may be discharged, as he prays in his petition to be discharged, that is, from all his debts and liabilities provable

in bankruptcy. Then the next inquiry which necessarily arose in that proceeding was: Is it necessary to accomplish that end that the firm of Little & Dana should be adjudicated bankrupts? If that be necessary for the accomplishment of that object, then it is a motion proper to be considered and granted, if, upon consideration, it be brought within the other rules applicable to amendments. But most clearly, if the amendment asked for, in the opinion of the court, shall be of no importance, shall be in no way necessary in the attainment of the object, or some one purpose desired as a result of the proceedings, then the motion to amend should be refused, for, as a rule, it is as clear as it is correct, that no allegation or matter should be allowed in legal proceedings by way of amendment, unless the allegation or averment sought to be added shall appear to be essential to entitle the pleader to the benefits to which the establishing of such allegation or averment will entitle him.

The original petition of Little was in his own name alone, as in this case it is in the name of Lane. There were firm debts due by Little & Dana, as in this case there were debts due by Lane & Smithson, and from which Lane, as did Little, prayed in his petition to be discharged. Then, if such a discharge as was asked for could be granted, he showing himself in all other respects entitled to it under the original petition, there was no need for any such object as the law regards of the amendment asked for, and there being no necessity, the impropriety of granting it necessarily follows.

If the firm assets could be distributed or properly investigated upon the individual petition and adjudication of one or any less number than all the members of the firm, and for such as are adjudicated as full relief from debts could be granted as if the firm was declared bankrupt, then there was no necessity or propriety in the provision of the 36th section [of the act of 1867 (14 Stat. 534)], authorizing proceedings against such members of a firm as may refuse to join.

Though the case referred to was decided at a time when most of the questions arising under the bankrupt law of 1867 were new, and the judges to whom they were presented were required to set for themselves precedents, yet the learned judge who decided it was clear, both in his illustrations and his conclusion, and gave great promise then of the great benefits which have since resulted to his brethren and the bar from his labor. His honor uses this language:

"Under these circumstances, as the petitioner prays to be discharged from all his debts provable under the act, and some of the debts set forth in the schedule annexed to his petition are debts of the said firm, and as this petition is one to have the firm declared bankrupt on the petition of one of its partners, within the provision of section 36 of the act, and of general orders No. 18,

as Dana did not join with Little in his (original) petition, he ought to have been brought in by proper proceedings under general orders No. 18, before an adjudication of bankruptcy was made on the petition of Little. The defect is now sought to be remedied by Little. His petition requires to be amended. When he is so brought in, he (meaning Little) can be discharged from his debts, including the debts of the firm; and until Dana is so brought in, Little cannot be discharged from the debts of the firm, because the theory and intent of section 36 of the act, and general orders Nos. 16 and 18, are, that the creditors of a firm shall be required to meet but once, and in one bankruptcy form all questions in regard to the bankruptcy of the firm, and in regard to their debts against the firm."

If we examine only slightly the opinion of the same judge in the Case of Frear [Case No. 5,074], there may appear to be a contrary opinion expressed. But there is no real conflict in the opinions. The only question in the latter case was, whether, under an adjudication of any one or more members of a firm (less than all), firm creditors could prove their debts, and it was decided that they could so prove. It would have appeared strange, indeed, had the court held otherwise. And yet there was involved no opinion as to the effect of such proof by a firm creditor in the event the individual estates of the bankrupt partners should prove to be insufficient to pay all his individual debts proved, for it was within the range of possibility that the individual estate or the bankrupt might be sufficient to pay principal and interest in full of all the individual debts proved, and the firm debts proved also, and while such a result may not usually be hoped for, yet, in the event supposed, who will say that such a firm creditor would not be entitled to be paid?

I do not believe that the learned judge intended to affirm the opinion expressed by the register as to the effect of a discharge under such a proceeding: that was simply a matter with which the register had nothing to do. And the suggestion, to say the least, was voluntary on his part. It has been brought to my attention more than once that upon a settlement of the assignee's account, and after the case had been pending for some years, and payment in full of all debts proved, there was yet a surplus in the depository, and I have been asked for orders directing such surplus to be paid to the bankrupt. If such a result should be hereafter shown in Lane's case (and I have no information as to the good or bad fortune of his individual creditors), my present impression is that I would not hesitate to direct, as I think the law provides, that such surplus be paid on such partnership debts as might be proved and filed.

While I do not concur fully in opinion with the learned judge, as expressed in the Case of

Grady [Case No. 5,654], especially that wherein he states so broadly that a party cannot "be discharged of a part of his liabilities merely, but if of any it must be of all of them;" and while there may be several clear illustrations given of the error in the opinion in this respect, yet his opinion in this case may be cited as explicit upon the only question upon which the case now under consideration depends, that there can be no discharge from firm debts upon an application of an individual member, unless the firm be adjudicated a bankrupt.

This question was discussed more recently and very fully before Judge Drummond, in the circuit court for the Eastern district of Wisconsin, in Re Noonan [Case No. 10,292], and in the well-considered opinion of the learned judge we find the opinion of Judge Blatchford, before referred to, sustained, and even strengthened. "And it is difficult to see," says Judge Drummond, "how any member of a firm can be released from his personal liability as such, without the court looking substantially into all the transactions of the firm, and settling up its affairs." Again, "A man cannot be discharged from his liabilities as a member of a firm unless the debts and assets of the firm are considered and adjudicated upon by the court."

In this opinion, after a patient and full examination of the authorities, and the sections of the act bearing upon this question, I am induced to concur. The opinion of Judge Field in Re Abbe [Case No. 4], is relied upon for the defendant. While it may be inferred from the language used that the decision in that case would have been more favorable to the defendant than that now expressed, had the same question been directly presented, yet it will be found that the proceedings in that case were essentially different in more respects than one from the petition and proceedings in behalf of the defendant in this case. No discharge was then applied for by Abbe, or had been previously granted, and the judge seems to attach much importance to the fact that it appeared by the schedules filed by Abbe that there were no partnership assets to be administered, a fact which, as it seems to me, should have no effect upon a creditor's rights, if they were able to prove (as they sometimes do prove) that such statement was false.

But suppose that there were partnership assets, as in this case, to be administered. Lane states in his schedules that there were not only partnership debts due, but partnership assets, in the form of accounts, due Lane & Smithson, which he proposes to surrender to his assignee when one shall be appointed. The inquiry is very naturally suggested, why surrender these accounts or any other evidences of debt or any property which might be in his hands, belonging to the firm of Lane & Smithson, to his (Lane's) assignee? It is very clear, I think, that such assignee could not use any process of law which would enable him to collect a single dollar of such assets, though there might be many thousands due. Nor could such assignee sell and convey a title to any property belonging to the firm which might so come into his possession; and though it might be money belonging to the firm, and Lane's assignee should apply any part of it to the payment of Lane's individual debts, he could surely be held responsible by the solvent partners, or such assignee as might be appointed for the firm in the event of its bankruptcy. The assignee of Lane acquired no title to the choses in action or property of the firm, and consequently could not discharge for the one or sell the other. This view, as to the rights of assignees, accounts very reasonably for the expressed provisions of the law, that in all cases of the bankruptcy of a firm, the firm, and not the individual creditors, have the right to choose the assignee, and when so elected, such assignee becomes, by virtue of such election, the assignee of each of the individual members of the firm, which, in my opinion, suggests a stronger reason for the opinion expressed by Judge Drummond, that there can be no discharge from partnership debts but by the bankruptcy of the firm, and the looking into the firm business by the bankruptcy court. And in this view, too, the propriety of this provision is most clearly seen, for if, upon the bankruptcy of a single member of a firm composed of many individuals, the assets of the firm would become the property of the assignee, then the same result would follow if each member should be so adjudged, and separate assignees appointed, and then, instead of a speedy settlement and distribution, as is clearly contemplated by the whole scope of the law, would often be rendered very difficult, if not impossible.

It is objected further by defendants' counsel, that the firm of Lane & Smithson had been dissolved previous to the commencement of proceedings in bankruptcy by Lane. That might well be, and the arrangement, as between themselves, might be of the most satisfactory character or otherwise, but would such dissolution or arrangement affect in any way the rights of their firm creditors? Clearly they would not; each member would remain bound to their firm creditors as a firm and as individuals, in the same manner and in every way as before the dissolution.

Partnerships are often dissolved upon terms agreed upon by the members, and the terms enforced by the courts, as between themselves. But it would be new indeed if it should be declared that the rights of creditors were in any way affected by any such arrangement. Certainly, by no such arrangement can the objects provided for by the bankrupt law be defeated. In Re Independent Ins. Co. [Case No. 7,017], in the circuit court of Massachusetts, Judge Shepley declares that "no power exists to wrest from the jurisdiction of the court in bankruptcy

the assets of bankrupts, either corporations or of individuals, as are within the scope of the provisions of the United States bankrupt act." Then any member of a firm existing or dissolved may proceed against such of the members as will not join in a proceeding to have the firm declared bankrupt. In re Noonan [supra]. And if he will not so proceed, then the advantage of a discharge from his partnership debts will not be allowed him.

Lastly, it is insisted for the defendant that the plaintiff proved and filed his debt in his bankruptcy proceedings; that this was the voluntary act of the plaintiff, and by this he waived his rights against the firm.

It has been already shown that the plaintiff had the right so to prove his debt, in view of a distribution of Lane's individual estate alone, so that he might be prepared to enjoy his share of any surplus (should there be such), after the payment in full of his individual debts, and in availing himself of this privilege, I think, he lost no right as a creditor against the firm or assets of the firm, allowed him by the law.

According to the case agreed, I am for these reasons of opinion that the plaintiff is entitled to have the judgment of the justice affirmed.